IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *SAMANTHA W. S. NEWMAN,* ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | |
| v. ) | **JURY TRIAL OF 12 DEMANDED** |
| ) | |
| *UNITED PARCEL SERVICE, INC.,* ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT UNITED PARCEL SERVICE, INC. TO PLAINTIFF'S PETITION

COMES NOW defendant United Parcel Service, Inc. (hereinafter, "UPS") by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Answer to plaintiff's Petition states as follows:

1.  Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 1, and therefore denies the same.

2.  Defendant UPS admits that it is a foreign corporation registered to business in the State of Missouri, but except as expressly admitted herein denies the remaining allegations contained in paragraph 2.

3.  Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 3, and therefore denies the same.

4.  Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 4, and therefore denies the same.

5.  Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 5, and therefore denies the same.

3904432\1

6. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 6, and therefore denies the same.

7. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 7, and therefore denies the same.

8. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies the same.

9. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 9, and therefore denies the same.

10. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 10, and therefore denies the same.

11. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 11, and therefore denies the same.

12. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 12, and therefore denies the same.

13. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 13, and therefore denies the same.

14. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 14, and therefore denies the same.

15. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 15, and therefore denies the same.

16. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 16, and therefore denies the same.

17. Defendant UPS denies the allegations contained in paragraph 17, including all sub-parts.

18. Defendant UPS denies the allegations contained in paragraph 18.

19. Defendant UPS denies the allegations contained in paragraph 19.

20. Defendant UPS denies the allegations contained in paragraph 20.

21. Defendant UPS is without sufficient information to admit or deny the allegations contained in paragraph 21, and therefore denies the same.

22. Defendant UPS denies the allegations contained in paragraph 22.

23. Defendant UPS denies the allegations contained in paragraph 23.

24. Defendant UPS denies the allegations contained in paragraph 24.

25. Defendant UPS denies the allegations contained in paragraph 25.

WHEREFORE, defendant UPS requests this Court enter an Order dismissing plaintiff's Petition with prejudice and awarding defendant UPS its costs herein and for such other and further relief as deemed just and reasonable under the premises.

## **AFFIRMATIVE DEFENSES**

For further answer, and as affirmative defenses to plaintiff's Petition, defendant UPS states as follows:

1. For further answer, and as an affirmative defense, defendant UPS states that plaintiff's Petition and the claims for relief set forth therein fail to state a cause of action cognizable in equity or law upon which relief can be granted against defendant UPS and must be dismissed.

2.      For further answer, and as an affirmative defense, defendant UPS states that plaintiff failed to file her claims within the statute of limitations, and, therefore, her claims must be dismissed.

3.      For further answer, and as an affirmative defense, defendant UPS states that any acts and/or omissions on the part of this defendant or its employee(s) were not the cause-in-fact or proximate cause of plaintiff's alleged injuries.

4.      For further answer, and as an affirmative defense, defendant UPS states that the plaintiff's claims are barred either in whole or in part because whatever injuries and damages plaintiff may have suffered, if any, said injuries and damages were caused in whole or in part by the negligence and fault of plaintiff and, therefore, any recovery should be reduced in proportion to their negligence and fault.

5.      For further answer, and as an affirmative defense, defendant UPS states that whatever damages plaintiff may have suffered, if any, said damages were caused in whole or in part by plaintiff's failure to mitigate damages.

6.      For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims are barred in whole or in part because the injuries allegedly sustained by plaintiff were proximately caused by plaintiff's free and voluntary acts of knowingly and voluntarily placing herself in a position of danger and thus assuming the risks ordinarily incident to such acts.  The risks incident to plaintiff's actions were open, obvious, apparent, and actually known to her, and the injury and damage, if any, sustained by plaintiff were proximately caused by their assumption of such risks.

7.      For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims are barred in whole or in part because plaintiff has failed to join all parties who are necessary and/or indispensable to a just adjudication of this action.

8.       For further answer, and as an affirmative defense, defendant UPS states that while denying all negligence, fault or liability, any injuries or damages allegedly sustained by plaintiff were caused, in whole or in part, by other persons' contributory or comparative negligence, fault, responsibility or causation and want of due care.  Such negligence or fault of other such persons was in greater proportion to the negligence or fault of defendant UPS, if any.  The comparative fault of these other persons outside the control of defendant UPS is a complete bar to recovery against defendant UPS.  Alternatively, defendant UPS is entitled to a reduction of damages based upon the percentage of said other persons' negligence or fault.

9.      For further answer, and as an affirmative defense, while denying all negligence, fault or liability, defendant UPS states that plaintiff's alleged injuries or damages resulted solely from the acts or omissions of persons or entities for which defendant UPS is not responsible.  Such acts or omissions on the part of others constitute an independent and intervening proximate cause of such injuries or damages.

10.     For further answer, and as an affirmative defense, defendant UPS states if plaintiff receives full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then, while continuing to deny liability, defendant UPS is entitled to liability protection to the full extent permitted by Mo. Rev. Stat. § 537.060, or other statutory or common law.

11.     For further answer, and as an affirmative defense, defendant UPS denies that it is liable for any damages in this case.  Defendant UPS contends, however, that any damage award

3904432\1                                              5

to plaintiff that utilizes any joint and several liability scheme would be unconstitutional, as this scheme is violative of this defendant's due process and equal protection guarantees under the United States, Missouri or any other applicable state's Constitutions. Specifically, MO. REV. STAT. § 537.067 violates this defendant's due process guarantees because no legitimate state interest supports the statute, and no rational relationship exits between a legitimate state interest and the promotion of Missouri's joint and several liability scheme. Additionally, the Missouri system of assessing joint and several liability violates this defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme are also unconstitutionally void for vagueness under the United States, Missouri or any other applicable state's Constitutions.

12. For further answer, and as an affirmative defense, defendant UPS is entitled to a determination of the percentage of responsibility of each plaintiff, each defendant, each person, and each responsible party, even if such person or entity has not been joined in this action, for each such person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by other conduct or activity that violates an applicable legal standard, or by any combination thereof and, if any defendant is found liable, which liability defendant UPS continues to deny, then defendant UPS is entitled to a reduction of its liability to the extent of its determined percentage of responsibility.

13. For further answer, and as an affirmative defense, defendant UPS states that any damages recoverable by plaintiff, if any, should be reduced by the amount of any collateral source benefits paid, payable, or available to plaintiff. Further, defendant UPS is entitled to a set-off for all available medical payments and other benefits afforded plaintiff from medical

providers because plaintiff has not incurred expenses, obligations, or liability in obtaining the medical payments or other benefits. Alternatively, any damages based on medical payments or other benefits afforded plaintiffs must be limited to the dollar amount necessary to satisfy the financial obligation to the medical provider, pursuant to MO. REV. STAT. § 490.715.

14. For further answer, and as an affirmative defense, defendant UPS states that plaintiff's injuries, damages or losses, as alleged in the Petition, were caused by pre-existing medical conditions, subsequent medical conditions, and/or natural course of conditions for which defendant UPS is not responsible.

15. For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims for punitive damages are unconstitutional and that the laws establishing the standards for granting and assessing such punitive damages are vague, ambiguous and arbitrary, thereby violating this defendant's constitutional rights to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution, and the Constitution of the State of Missouri, Article 1, Section 10, and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of the Missouri Courts permitting plaintiff to recover such punitive damages is unconstitutional.

16. For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims for punitive damages are unconstitutional to the extent that plaintiff's Petition seeks to punish this defendant without protection of constitutional safeguards including, but not limited to, proof beyond a reasonable doubt, the right to a speedy trial, the prohibitions against double jeopardy and excessive fines and freedom from self-incrimination during the discovery process and trial which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and the Constitution of the State of Missouri, Article 1, Section 18(a)

and Section 19; and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of Missouri Courts, permitting plaintiff to recover such punitive damages without protection of such safeguards is unconstitutional.

17.     For further answer, and as an affirmative defense, defendant UPS states that unless its liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate this defendant's due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and by the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri.

18.     For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims for punitive damages against it cannot be sustained because any award of such damages under Missouri law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate its due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and the Constitution of the State of Missouri, Article 1, Section 10, and would be improper under the common law and public policies of the State of Missouri and under applicable rules of Court and statutes of the State of Missouri.

19.     For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims for punitive damages against it cannot be sustained because an award of such damages under Missouri law, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate its due process rights guaranteed by the Fourteenth Amendment of

the U.S. Constitution and the Constitution of the State of Missouri, Article 1, Section 10, and would be improper under the common law and public policies of the State of Missouri.

20.     For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claims for punitive damages against it cannot be sustained because an award of such damages under Missouri law by a jury that: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of an award of punitive damages; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishments; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to trial Court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate its due process and equal protection rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and by the Constitution of the State of Missouri, Article I, Section 10, and Article I, Section 2, and would be improper under the common law and public policies of the State of Missouri.

21.     For further answer, and as an affirmative defense, defendant UPS states that plaintiff's claim for exemplary damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution;  Article I, Sections 2, 8, 10, 13, 14, 18(a), 19, and 21 of the Constitution of the State of Missouri;  the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution; and Article I, Sections 2, 10, and

14 of the Constitution of the State of Missouri because there are no objective legal standards to guide the factfinder's discretion in awarding punitive damages, no limitations concerning the amount or severity of punitive damages, it discriminates against defendant on the basis of wealth, and denies defendant the right of access to the Courts to adjudicate civil disputes; Article I, Section 21 of the Constitution of the State of Missouri because punitive damages constitute penal damages and amount to an unconstitutional criminal and excessive fine or punishment in a civil proceeding; the Fifth and Sixth Amendments of the United States Constitution and Article I, Sections 18(a) and 19 of the Constitution of the State of Missouri because defendant cannot exercise all of the constitutional and statutory rights that must be accorded to a party that is subject to the imposition of a criminal penalty in the form of punitive damages; and the First Amendment of the United States Constitution and Article I, Section 8 of the Constitution of the State of Missouri because the imposition of punitive damages is based on vague, conflicting, uncertain, and purely subjective standards without adequate notice to defendant.

22. For further answer, and as an affirmative defense, defendant UPS states that it reserves the right to rely upon other such affirmative defenses as become available or apparent during the course of discovery and reserves the right to amend its answer to assert those defenses.

WHEREFORE defendant UPS requests this Court enter an Order dismissing plaintiff's Petition with prejudice and awarding defendant UPS its costs herein and for such other and further relief as deemed just and reasonable under the premises.

### JURY TRIAL OF 12 DEMANDED

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Timothy B. Niedbalski*
Todd C. Stanton, # 49312
Timothy B. Niedbalski, #59968
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: tstanton@sandbergphoenix.com
tniedbalski@sandbergphoenix.com

Attorneys for Defendant
United Parcel Service, Inc.

### Certificate of Service

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 7th day of December, 2012, to the following counsel of record:

Kyle A. Burrows
Scott M. Stork
Burrows & Stork
1197 S. Duchesne
St. Charles, MO  63301
*Attorneys for Plaintiff*

*/s/ Timothy B. Niedbalski*